# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARCIA L. FIDANCE,    )
    )
    Plaintiff,    )
    )
    v.    )
    )    C.A. No. N17C-04-134 CLS
CITY OF WILMINGTON, a municipal    )
corporation of the State of Delaware, et.    )
al,    )
    )
    Defendants.    )
    )

Decided: September 29, 2017

## ORDER

Plaintiff filed a tort action against Defendant, City of Wilmington ("the City"), Billy Casper Golf, LLC, and Billy Casper Golf Management, Inc., based on alleged trip and fall at Ed Oliver Gold Club on May 3, 2015, 800 North DuPont Road, Wilmington, Delaware. Plaintiff alleges that on or about May 3, 2015, she was walking and tripped and fell on a sidewalk which was defective and improperly maintained. Plaintiff contends that the Defendants had control and possession of, and a duty to maintain the premises. Defendants filed separate Motions to Dismiss, and the Court addresses each of the Motions in this Order. For the reasons discussed below, the City of Wilmington's Motion to Dismiss is **GRANTED**, and Defendants Billy Casper's Motion is **DENIED.**

## A. **Defendant, City of Wilmington's Motion to Dismiss.**

## **Parties' Contentions**

Defendant, City of Wilmington, filed a Motion to Dismiss on May 15, 2017. The City contends that as a municipality, it is immune to tort claims stemming from trip and falls on sidewalks. Additionally, the City argues that Plaintiff's claims do not fall under any exception to the County and Municipal Tort Claims Act. Plaintiff responds to this argument arguing that the City is not immune from suit because Plaintiff's claims fall within an exception to the County Municipal Tort Claims Act. Plaintiff states that 10 *Del. C.* § 4012(2) provides that the governmental entity is responsible for its negligent acts or omissions that cause damage in the construction, operation or maintenance of any public building or appurtenances thereto. The City contends that this exception does not apply to Plaintiff's case because 10 *Del. C.* § 4012(2) also states that the municipality is not liable for negligent acts or omissions in the construction of "buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation." The City's argument is that because the property is a public golf course, and golf is a recreational activity, the section 4012(2) exception does not apply and the City is immune from suit. Plaintiff claims that this argument overlooks that the City's property is not just a public golf course, but a public banquet facility as well, which is used in "a separate and distinct capacity from the golf course." Plaintiff states that

2

she was not on the property because of a golf related activity. Rather, Plaintiff was attending a social function at the banquet hall for a neighborhood reunion. The City argues that as a matter of law, Delaware courts have held that the City is immune from suit due to injuries from sidewalks that are in disrepair, and Section 4011(6) specifically applies to sidewalks.[1] Section 4012(2) provides that the City is liable for negligent acts or omissions causing bodily injury "in the construction, operation or maintenance  of any public building or the appurtenances thereto, *except* as to historic sites *or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation*."[2]  Defendant argues that Plaintiff's case fits into the 4012(2) "exception to the exception" as a building or structure designed for use primarily by the public in connection with golf, an outdoor recreation.

In response, Plaintiff states that although the golf course may be considered public outdoor recreation, Plaintiff was not on the premises to golf.  Rather, Plaintiff claims that she fell outside of the banquet hall on the property while attending a social event.  Additionally, Plaintiff argues that the "Dover Room" banquet hall is used for other purposes totally unrelated to golf.  For example, Plaintiff's Response provided an excerpt from the golf course's website stating that the "Dover Room

---

[1] *See* 10 *Del. C.* § 4011(6).
[2] 10 *Del. C.* § 4012(2)(emphasis added).

3

accommodates 140 guests and the Wilmington Room, perfect for a business meeting or small private event, can seat up to 50 guests. Our professional and experienced staff is prepared to serve any special event from weddings and receptions to business meetings and private parties." Plaintiff claims that the sidewalk where Plaintiff fell is appurtenant to the Dover Room, which is a public building, and thus falls within the exception to the City's immunity. Defendant argues that Plaintiff's Complaint fails to mention a public building or allegations that the sidewalk in question is appurtenant to a public building.

## Standard of Review

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[3] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[4] The complaint must be without merit as a matter of fact or law to be dismissed.[5]

---

[3] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).
[4] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).
[5] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del.1970).

Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[6]

## Discussion

In pertinent, Delaware's County and Municipal Tort Claims Act, 10 *Del. C.* § 4011, provides:

(a) Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. That a governmental entity has the power to sue or be sued, whether appearing in its charter or statutory enablement, shall not create or be interpreted as a waiver of the immunity granted under this subchapter.

(b) Notwithstanding § 4012 of this title, a governmental entity shall not be liable for any damage claim which results from:

(6) Any defect, lack of repair or lack of sufficient railing in any highway, townway, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of such ways including but not limited to street signs, traffic lights and controls, parking meters and guardrails.[7]

Thus, unless provided by statute, the City is immune from suit on any and all tort claims seeking recovery of damages for any defect or lack of repair in sidewalks.[8]

10 *Del. C.* § 4012 lists the exceptions to the City's immunity. This section states:

---

[6] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).

[7] 10 *Del. C.* § 4011.

[8] *See Anthony v. City of Dover*, 2015 WL 511170, at *2 (Del. Super. Jan. 29, 2015)("The Delaware Courts have held that a city is immune from suit due to damages from a sidewalk in disrepair.").

5

A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:

(2) In the construction, operation or maintenance of any public building or the appurtenances thereto, *except* as to historic sites *or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.*[9]

Before the Court discusses the exceptions in section 4012, the Court must analyze the connection between sections 4011(b) and 4012. Plaintiff's complaint states "she tripped and fell on a sidewalk which was defective and improperly maintained." Delaware courts have held that "[t]he activities listed in Section 4012 are an exclusive list and are the only activities as to which municipal immunity is waived."[10] Section 4011(b) states "*notwithstanding* § 4012 of this title," the City is *not liable* for "[a]ny defect, lack of repair or lack of sufficient railing" in any sidewalk.[11] Meanwhile, section 4012 states that a governmental entity is exposed to liability for its "negligent acts or omissions causing . . . bodily injury in . . . the construction, operation or maintenance of any public building or the appurtenances thereto."[12] The Delaware Supreme Court has held that "Section 4011(b) sets forth a number of exceptions to section 4012, which in turn provides exceptions to section

---

[9] 10 *Del. C.* § 4012(2)(emphasis added).
[10] *Hedrick v. Webb*, 2004 WL 2735517, at *8 (Del. Super. Nov. 22, 2004).
[11] 10 *Del. C.* § 4011(b)(emphasis added).
[12] 10 *Del. C.* § 4012(2).

4011(a)."[13] In *Quereguan*, Delaware Chancery Court noted that regardless if something may be "considered an 'appurtenance' under § 4012(2), a finding that [plaintiff's] claim falls within § 4011(b) would bar him from recovering money damages."[14] The *Quereguan* court noted that "[i]n a few cases on point, such things as sidewalks and parking lots have been found to be 'appurtenances'" under section 4012.[15] However, if the municipality can show that plaintiff's claim falls within section 4011(b), then section 4012 is insignificant. Specifically, the *Quereguan* court cited to *Buckalew*, a 1987 Superior Court case where the court found that snow and icy conditions on a parking lot fell within the class of tort claims permitted under 10 *Del. C.* § 4012 because it was the "result of a negligent act or omission in the maintenance of the fire hall parking lot" rather than a "defect" pursuant to 4011(b).[16] The *Buckalew* court made a distinction between the words "defect" in §4011 and "maintenance" in §4012. The court ultimately held that "[t]he purposes of the legislature in making this distinction was to hold the governmental entity liable for injuries that were caused by their own negligence or omission (something they could

---

[13] *Middleton v. Wilmington Housing Authority,* 1994 WL 35382, at *2 (Del. Feb. 2, 1994).

[14] *Quereguan v. New Castle County*, 2004 WL 2271606, at *3 (Del. Ch. Sept. 28, 2004).

[15] *Quereguan v. New Castle County*, 2004 WL 2271606, at *3 (Del. Ch. Sept. 28, 2004)(citing *Buckalew v. Cranston Heights Fire Co.,* 1987 WL 10272, at *2-3 (Del. Super. Apr. 21, 1987)).

[16] *Buckalew,* 1987 WL 10272, at *2-3.

have prevented) and, at the same time, grant them immunity from liability for those 'defects' or imperfections which may not have been their fault."[17]  The Court finds that this reasoning does not apply in Plaintiff's case.[18]  There are no allegations in the complaint that Plaintiff tripped on anything other than a sidewalk, which the City is absolved of liability pursuant to 10 *Del. C.* § 4011(b)(6). The "notwithstanding" language in section 4011(b), coupled with the Delaware Supreme Court's finding in *Middleton* that section 4011(b) sets forth a number of exceptions to section 4012, falls in favor of the City's argument.  Additionally, the Court finds that the place where Plaintiff fell is a facility "designed for use primarily in connection with public outdoor recreation."  The golf course is a public course, and Plaintiff fell on the sidewalk outside of the banquet hall.  The property is designed primarily for use as a golf course, which is public outdoor recreation.  Thus, reading sections 4011 and 4012 together, the property falls within the section 4012 outdoor recreation exception.  For the aforementioned reasons, the City's Motion to Dismiss is **GRANTED.**

---

[17] *Buckalew*, 1987 WL 10272, at *2.

[18] *See Taylor v. Wilmington Housing Authority,* 2002 WL 519912, at *1 (Del. Super. Feb. 20, 2002)(Finding that sidewalks are appurtenances to buildings which they are adjacent, and Plaintiff's claim that she slipped on snow and ice was not barred under 10 *Del. C.* § 4011); *see also Collins v. National R.R. Passenger Corp.*, 1990 WL 177581, at *1-2 (Del. Super. Nov. 6, 1990)(Finding that there were no exceptions to immunity where a plaintiff fell on an uncovered manhole located in a grassy area covered by vegetation).

**B. Defendants Billy Casper Golf, LLC and Billy Casper Golf Management, Inc.'s Motion to Dismiss.**

Defendants Billy Casper Golf, LLC and Billy Casper Golf Management, Inc. (collectively "Billy Casper") filed a Motion to Dismiss on May 18, 2017. Billy Casper argues that Plaintiff fails to allege any specific facts that indicate the negligence act on the Billy Casper Defendants. Billy Casper cites to a Delaware Supreme Court case, *Polaski v. Dover Downs, Inc.*[19], where plaintiff failed to state a viable premises liability claim because plaintiff did not identify the dangerous defect on the premises. The Court is not persuaded by this argument, as the *Polaski* case was decided on a motion for summary judgment. Here, discovery is not closed. Plaintiff's Form 30 Interrogatories states that Plaintiff's attorney is in possession photos of the area where Plaintiff allegedly fell, and "Delaware is a notice pleading state. Thus, for a complaint to survive a motion to dismiss, it need only give general notice of the claim asserted."[20] Defendants Billy Casper Golf, LLC and Billy Casper Golf Management, Inc.'s Motion to Dismiss is **DENIED.**

    **IT IS SO ORDERED**.

                        **/s/ Calvin L. Scott**

                        **Judge Calvin L. Scott, Jr.**

---

[19] *Polaski v. Dover Downs, Inc.*, 2012 WL 3291783, at *2 (Del. Aug. 14, 2012).
[20] *Blaskovitz by and through Blaskovitz v. Dover Federal Credit Union*, 2017 WL 2615748, at *2 (Del. Super. June, 15 2017).